IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,576-01, WR-64,576-02






EX PARTE CHARLES E. GILLON, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS 


FROM CAUSE NOS. F-2003-0268 AND F-2002-1367 IN THE 367TH JUDICIAL
DISTRICT COURT OF DENTON COUNTY



 

 Per curiam.


 O R D E R



 These are applications for writs of habeas corpus which were transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of two charges of possession of a controlled substance, and punishment was assessed at
twenty years' confinement. No direct appeal was taken. 

 Applicant contends that he was denied the right to appeal his convictions, because trial
counsel failed to advise him of his appellate rights, and because the trial court failed to
appoint appellate counsel.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from counsel, or it may order a hearing. In the appropriate
case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant ever expressed his desire to appeal these convictions. If so, the trial
court shall make findings as to whether appellate counsel was appointed, and if not, why not.
If Applicant did not express a desire to appeal his convictions, the trial court shall make
findings as to whether trial counsel informed Applicant of his right to appeal. The court shall
also make findings as to whether a motion for a new trial or notice of appeal was ever filed
on Applicant's behalf in these cases. The trial court shall also make any further findings of
fact and conclusions of law it deems relevant and appropriate to the disposition of the
applications for writs of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), these applications for post-conviction writs of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 10th DAY OF MAY, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.